NICOLE HODGE AMEY (SBN 215157)
**THE LAW OFFICES OF NICOLE HODGE AMEY**
8033 Mac Arthur Blvd. #5100
P.O. Box 5100
Oakland, California
Telephone:  (510) 569-3666
Facsimile:  (866) 602-2986
hodgelaw@gmail.com

Attorney for Plaintiff

**IN THE**

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF  CALIFORNIA**

| | |
|---|---|
| GILBERT PEREZ and TARA PEREZ <br><br> Plaintiff, <br><br> v. <br><br><br> LAMMERSVILLE UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | CASE NO: <br><br> **PETITION FOR ATTORNEY FEES AND EXPENSES AS PREVAILING PARTY UNDER 20 U.S.C. § 1415 ("IDEA")** |

**NOW COMES** Plaintiffs GILBERT PEREZ AND TARA PEREZ ("PLAINTIFFS", "PARENTS" "PARENT"), by their attorney NICOLE HODGE AMEY, for a Petition for Fees after a Due Process Hearing filed against Defendant LAMMERSVILLE UNIFIED SCHOOL DISTRICT ("DISTRICT").  A due process hearing was held, and on May 6, 2022, the administrative law judge issued a decision in which Student obtained relief justifying recovery of attorney fees as the prevailing party. Plaintiffs hereby allege as follows:

**JURISDICTION**

1. This action for fees is brought by Plaintiffs Gilbert and Tara Perez seeking to recover attorneys' fee and costs incurred pursuant to administrative proceedings under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 (2006) ("IDEA").

**PARTIES**

2. Plaintiffs Gilbert and Tara Perez, are the parents of a minor who was a student in the Lammersville Unified School District and resides in the City of Mountain House, San Joaquin County, California, and at all times alleged herein resided in the jurisdiction of Defendant, School District.

3. At all times relevant to this Complaint, Defendant Lammersville Unified School District was a California public school.

**BRIEF FACTUAL HISTORY**

4. Plaintiffs Gilbert and Tara Perez are the parents of AP, a student in the Defendant District. At all times relevant to this petition for fees, AP was eligible for special education under the Individuals with Disabilities Education Act.

5. AP was initially found eligible for special education services under the primary disability category of Speech and Language Disorder. After parents requested and the district conducted an independent education assessment, AP was made eligible for Specific Learning Disability due to dyslexia and speech and language impairment.

6. AP has an educational diagnoses of Specific Learning Disability due to Dyslexia with impairment in reading (moderate severity) and written expression (moderate severity).

7. AP filed her due process complaint against Lammersville on or about January 14, 2022. Lammersville filed a due process complaint against Student on February 7, 2022.

8. Student requested the below remedies in her Request for Due Process

    i. Compensatory education in the form of additional supports and related services for the District's failures to provide a FAPE to Aubrey during the relevant statutory period, including but not limited to SAI, educational therapy, speech and language, and any other educational services Aubrey requires to be provided by individuals who have specific training in working with children with Dyslexia, as appropriate. This includes placement in

an appropriate program which specifically tailors its instruction to children with Dyslexia full-time. This is to compensate for the three years Aubrey went without appropriate placement, supports and services and an appropriate IEP, including the one year the District delayed assessment and finding Aubrey eligible and the time period it failed to identify Aubrey's Dyslexia.

ii. Reimbursement for any out-of-pocket expenses including private tutoring, SAI and assessments Parents obtained during the time period at issue for the District's failure to provide Aubrey with appropriate assessments, supports, related services and instruction.

iii. No less than 50-100 hours of formal training for LUSD special education personnel in conducting comprehensive assessments and interventions, special education law, and the development of appropriate goals and an IEP program as it relates to the identification and provision of special education to children with disabilities and specific training in identifying and instruction of children with Dyslexia by a non-LUSD employee and/or contractor or representative.

iv. Petitioners request to be deemed prevailing party all issues.

v. Petitioners request to be reimbursed for all reasonable attorneys' fees and costs to the extent provided by law.

vi. For all equitable remedies to which Aubrey is entitled through this proceeding.

vii. The Respondent shall ensure Aubrey has a Free and Appropriate Public Education (FAPE) including special education and other related services as defined by 34 C.F.R. §300.24(a), and Cal. Ed. Code §56000 by providing an appropriate placement and services which takes into account all of her educational needs.

9. On May 6, 2022, the Administrative Law Judge, the administrative Law Judge ordered (EXHIBIT 1):

- Lammersville Unified shall provide Parents with a choice of three non-public agencies that provide Orton-Gillingham instruction and shall fund the reading program for Student from a contracted certified nonpublic agency, up to 7,650 minutes, or 127.5 hours of instruction.

- These services shall be available to Student until June 30, 2024.

- Lammersville Unified shall reimburse Parent $1,800 for Orton-Gillingham tutoring services incurred until November 17, 2021.

- Lammersville Unified may implement the October 20, 2021 IEP without Parents' consent if Student continues to receive special education services from the district.

- A written agreement between the parties may alter the terms of this Order. An IEP can constitute such an agreement.

- Student's other requests for relief are denied.

10. Student's issues were:

   a. Did Lammersville Unified deny Student a FAPE during the 2021-2022 school year, through January 14, 2022, by failing to provide Student's educational records to Parents and Student's attorney within statutory timelines?

   b. Did Lammersville Unified deny Student a FAPE during the 2018-2019, 2019-2020, 2020-2021, and 2021-2022 school years, through January 14, 2022, by failing to:

        -adhere to child find obligations;

        - timely and appropriately assess Student in all areas of suspected disability;

        -conduct a health assessment;

        -conduct an assistive technology assessment; and

        -conduct any appropriate evaluations?

   c. Did Lammersville Unified deny Student a FAPE during the 2019-2020, 2020-2021, and 2021-2022 school years, through January 14, 2022, by failing to offer Student appropriate and measurable annual goals in the areas of reading, spelling, writing, math, and speech?

d. Did Lammersville Unified deny Student a FAPE during the 2019-2020, 2020-2021, and 2021-2022 school years, through January 14, 2022, by failing to provide Parents with a clear written offer of FAPE, in IEPs dated November 6, 2019, October 20, 2020, December 9, 2020, and October 20, 2021?

e. Did Lammersville Unified deny Student a FAPE during the 2019-2020, 2020-2021, and 2021-2022 school years, through January 14, 2022, by failing to deliver and implement services, and specifically by failing to implement Student's:

-. November 6, 2019 IEP as written, beginning in March 2020, due to school closures related to the COVID-19 pandemic;

-. October 20, 2020 IEP in the area of speech; and

-. October 20, 2021 IEP in its entirety?

f. Did Lammersville Unified deny Student a FAPE during the 2019-2020, 2020-2021, and 2021-2022 school years, through January 14, 2022, and specifically, at IEP team meetings dated November 19, 2019, October 20, 2020, December 9, 2020, May 11, 2021, September 8, 2021, and October 20, 2021, when it predetermined Student's special education eligibility, supports, related services, and placement?

g. Did Lammersville Unified deny Student a FAPE during the 2019-2020, 2020-2021, and 2021-2022 school years, through January 14, 2022, and specifically, at IEP team meetings dated November 19, 2019, October 20, 2020, December 9, 2020, May 11, 2021, September 8, 2021, and October 20, 2021, by failing to make an offer of supports, services, instruction, and placement to enable Student to make progress in light of Student's circumstances?

**PETITION FOR ATTORNEY FEES AND EXPENSES**

11. Plaintiffs' partially prevailed on issues 3 and 7 at hearing and obtained remedies in excess of what the Defendant district offered.

12. Student recovered 7,650 minutes, or 127.5 hours of academic instruction in an Orton-Gillingham-based reading program. Lammersville Unified shall provide Parents with a choice of three non-public agencies that provide Orton-Gillingham instruction and shall fund the reading program for Student from a contracted certified nonpublic agency, up to a total of 7,650 minutes, or 127.5 hours

of instruction. Lammersville was ordered to reimburse Parents for the services of their Orton-Gillingham tutor until November 17, 2021, which totaled $1,800.

13. The Decision by the Office of Administrative Hearing is attached to this petition as Exhibit 1.

14. A party who succeeds on any significant issue is a "prevailing party" entitled to reasonable attorneys' fees and costs. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989). "[A party] 'prevails' when actual relief on the merits of his claims materially alters the legal relationship be- tween the parties by modifying the [District's] behavior in a way that directly benefits the [party]." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (Thomas, J.).

15. The award created a legal obligation for the District to Student; thus, materially altering the legal relationship between the parties.

16. Plaintiff alleges that the reasonable hourly rate for Student's counsel Nicole Hodge Amey is $750 per hour based upon the similarly experienced attorneys in private practice. Plaintiff has attached a May 2020 declaration of the rate a special education attorney for Long Beach Unified School District with similar experience. (Exhibit 2). The reasonable hourly rate for student's paralegal-manager is $375 an hour.

17. Plaintiff requests full attorney fees and costs associated with the administrative proceeding and this Petition for fees.

18. Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i) (3)(B)(i). In order to award attorneys' fees under the IDEA, a court must engage in a two-step inquiry, determining first whether the party seeking fees is the prevailing party and second, whether the requested fees are reasonable.

19. The statement of hours for Nicole Hodge Amey is based upon contemporaneous time records kept by counsel.

20. Plaintiff is entitled to have the District cover the expenses incurred in the underlying administrative proceeding.

21.  All work performed by Plaintiff's counsel and paralegal and costs incurred in this matter were reasonably necessary to obtain their results.

22. Parties did attempt to resolve the issue of fees prior to filing this Petition but student was unsuccessful in the informal attempt to resolve.

**PRAYER FOR RELIEF**

23.  WHEREFORE, Plaintiff is requesting payment of fees and costs in the administrative case and costs of Expert Witness fee according to proof. As Plaintiff's counsel is also entitled to request compensation for time spent litigating fees.

Dated: August 17, 2022.

By:

Law Offices of Nicole Hodge Amey
Nicole Hodge Amey, SBN 215157
Attorney for Plaintiffs

P.O. Box 5100
Oakland, CA 94605
Telephone: 510.569.3666
Facsimile: 866.602.2986
Email: hodgelaw@gmail.com